[Cite as *S.L.E. Real Estate, L.L.C. v. Scott*, 2019-Ohio-5359.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| S.L.E. REAL ESTATE, LLC | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28466 |
| | : | |
| v. | : | Trial Court Case No. 2019-CVI-2322 |
| | : | |
| WILLIAM M. SCOTT, et al. | : | (Civil Appeal from |
| | : | Municipal Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 27th day of December, 2019.

. . . . . . . . . . .

ADAM JAMES STOUT, Atty. Reg. No. 0080334, 5335 Far Hills Avenue, Suite 109, Dayton, Ohio 45429
      Attorney for Plaintiff-Appellee

WILLIAM M. SCOTT and CHERYL MAGUIRE, 219 Sanderson Drive, Dayton, Ohio 45459
      Defendants-Appellants, Pro Se

. . . . . . . . . . . .

HALL, J.

{¶ 1} William M. Scott and Cheryl Maguire appeal pro se from the trial court's entry of judgment against them following a bench trial on a small-claims complaint filed by appellee S.L.E. Real Estate, LLC.

{¶ 2} The appellants advance three assignments of error. First, they contend the trial court erred in finding them liable to the appellee for one month's rent of $1,200. Second, they claim the trial court erred in finding them liable for $581.21 for damage to the floor of a house they rented from the appellee. Third, they assert that the trial court erred in finding them liable for an additional six days of rent in the amount of $240.

{¶ 3} The record reflects that Scott and Maguire entered into a written land contract in June 2014 to purchase a house from S.L.E. Real Estate, LLC, which is owned by Harley Emmons. The contract required a monthly payment of $1,200. The parties later executed a document cancelling and terminating the land contract effective June 30, 2018. The document released the parties "from all further liabilities and obligations" under the land contract. The parties then orally agreed that Scott and Maguire would rent the residence on a month-to-month basis for $1,200 per month. The appellants made $1,200 payments in July and August 2018. The appellants failed to make a payment in September, and they vacated the residence on September 6, 2018.

{¶ 4} On February 20, 2019, S.L.E. Real Estate filed a small-claims complaint against Scott and Maguire. (Doc. # 1.) The complaint alleged that the appellants still owed one full month's rent of $1,200 and a prorated amount of $240 for the six days in September 2018. The appellee's theory was that the $1,200 payment made in July 2018 was made in arrears and covered June 2018. Likewise, the appellee argued below that

the August 2018 rent payment covered July 2018. On that basis, S.L.E. Real Estate alleged that no rent had been paid for August 2018 or for the six days in September. The complaint also sought $3,062.57 for damage to wood floors in the house and $186 for an unpaid utility bill. Finally, the complaint sought interest and costs.

{¶ 5} The matter proceeded to an April 2, 2019 bench trial before a magistrate. Emmons testified on behalf of his company, plaintiff-appellee S.L.E. Real Estate. Emmons identified and acknowledged the land contract and the cancellation. He also testified about the month's rent he claimed was owed, the extra six days, the damage to the wood floors that he had repaired, and the utility bill. For his part, Scott testified that he believed the "release" language in the land contract cancellation precluded recovery for any liability related to the land contract, including any additional money owed for anything. With regard to rent for the months of July and August 2018, which was after the termination of the land contract, Scott produced two $1,200 checks dated July 5, 2018 and August 4, 2018. In the memo line, the July check stated "July Rent." In response, Emmons again insisted that the July payment was for June, that the August payment was for July, and that no payment had been made for August or the first part of September. Emmons also claimed that Scott had offered to leave behind the window coverings and a cord of wood in exchange for the last $1,200 payment.

{¶ 6} On June 4, 2019, the magistrate issued a written decision. With respect to the disputed issues, the magistrate found as follows:

> The Defendants generally deny Plaintiff's claim for unpaid and prorated rent through September 6, 2018; however, Defendants have provided no credible testimony or evidence to support these general

denials. Defendants further state that Plaintiff's allegation that they damaged the wood floors is false. Defendants state that the wood floors were not in good condition when they moved in and that any damages to the flooring during their tenancy (of over four (4) years) is the result of normal wear-and-tear.

The Court finds based upon all of the testimony and evidence presented that Defendants vacated the premises on or about September 6, 2018 at which time they owed Plaintiff one month's rent in the amount of $1,200 and prorated rent for six (6) days in September of $240. The Court further finds that Plaintiff's claim for damages to the wood floor in the amount of $3,062.57 is unsupported by the greater weight of the evidence. However, the Court does find that Defendants' tenancy caused damage to the wood flooring beyond normal wear-and-tear in the amount of $581.21. Finally, the Court finds that the Defendants incurred unpaid utilities at the time they vacated the premises in the amount of $183.36.

It is, therefore, the opinion of this Magistrate that judgment should be granted in favor of the Plaintiff and against the Defendants in the amount of $2,204.57, plus interest, plus costs expended.

(Doc. # 3 at 1-2.)

{¶ 7} Scott and Maguire filed objections to the magistrate's decision. (Doc. # 4.) They raised two issues. First, they disputed the magistrate's finding that they owed $1,200 for one month's rent. They asserted that the two cancelled checks proved payment for July and August 2018. Second, they challenged the magistrate's finding that they owed

$183.36 for a utility bill. They argued that any potential liability for the bill was extinguished by the release language in the land contract cancellation.

{¶ 8} In a July 19, 2019 decision and judgment entry, the trial court overruled the first objection but sustained the second one. It reasoned:

> The Court notes that Plaintiff's Exhibit G [a payment ledger] indicates that $1,200 rent came due on 9/1/18 and remained unpaid, and that the next entry on Exhibit G indicates that $240.00 rent came due on 9/6/18 and remained unpaid. While Defendants did provide copies of cancelled checks (Exhibits 1 and 2), the testimony presented indicated that the monthly payments were being made in arrears. In other words, the August 4, 2018 payment (Exhibit 2) was for July, 2018, and so on moving backward. As a result, August, 2018 and six days of September 2018 remained unpaid. Accordingly, the Magistrate's $1,440.00 award to Plaintiff for rent is adopted.

> As to Defendants' objection to the award of unpaid utilities, the Court notes that Plaintiff's Exhibit I is an electric bill from 2014 in the amount of $183.36. The Court finds it unreasonable that Plaintiff would still be attempting to collect on a 2014 utility bill after the Defendants paid rent/land contract payments for four years. However, even if it still remained due, the Court agrees with Defendants that the Cancellation of Land Contract language "the parties are released from all further liabilities and obligations under the Land Contract" applies. If the Plaintiff was attempting to collect utilities from some other (subsequent) period, there is no exhibit or other

evidence presented to that effect. Accordingly, Plaintiff's claim as to the utilities must fail.

The Court hereby adopts in part and overrules in part the Magistrate's June 4, 2019 Decision and hereby awards judgment to Plaintiff in the amount of $2,018.57 (less the claim for unpaid utilities in the amount of $186.00), plus interest at the statutory rate from the date of this judgment. Court costs to Defendants.

(Doc. # 5 at 2-3.)

{¶ 9} As a preliminary matter, we note that the trial court made a minor arithmetic error when it reduced the judgment awarded by the magistrate in the amount of the unpaid utility bill. The trial court reduced the $2,204.57 judgment by $186.00, but as the magistrate noted, the utility bill at issue was for $183.36. Therefore, the trial court should have reduced the $2,204.57 judgment by $183.36 rather than $186.00, resulting in a judgment in favor of S.L.E. Real Estate in the amount of $2,021.21. The primary issue raised by Scott and Maguire, however, is whether the judgment should be reduced by another $1,200 because they did not owe the appellee any additional rent.

{¶ 10} In their first assignment of error, the appellants contend the land contract itself does not specify that monthly payments made thereunder were made in arrears. But even if payments were due in arrears, which was disputed below, the appellants maintain that the land contract cancellation released them from liability for any June payment that remained due. Finally, the appellants assert that their cancelled checks for July and August 2018 demonstrate payment for those months under their month-to-month tenancy. As a result, the appellants contend the trial court erred in finding them liable for

one month's rent in the amount of $1,200.

{¶ 11} In response, S.L.E. Real Estate asserts that the appellants failed to file a transcript with their objections in the trial court, as required by Civ.R. 53(D)(3)(b)(iii). Therefore, the appellee argues that we should not consider the transcript that has been filed on appeal and that we should defer to the trial court's factual findings. S.L.E. Real Estate then contends we should uphold the magistrate's and the trial court's credibility determination and factual finding that the appellants owed one month's back rent because payments were made in arrears.

{¶ 12} Upon review, we find the appellants' first assignment of error to be persuasive. With regard to the transcript, Civ.R. 53(D)(3)(b)(iii) addresses objections to a magistrate's decision and provides: "An objection to a factual finding, whether or not specifically designated as a finding of fact * * *, shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available. * * * The objecting party shall file the transcript or affidavit with the court within thirty days after filing objections[.]"

{¶ 13} Here the appellants filed their objections on June 14, 2019 but never provided the trial court with a transcript of the proceedings before the magistrate. On the record before us, however, we find that omission to be immaterial for two reasons. First, at the outset of its decision and entry, the trial court stated that it had "independently reviewed the evidence and testimony, along with the Magistrate's decision[.]" (Doc. # 5 at 1.) This statement indicates that the trial court had access to the testimony from the bench trial before the magistrate despite the appellants' failure to file a transcript. Second, and more importantly, our resolution of the first assignment of error does not turn on an

assessment of witness credibility or any factual finding based on witness testimony. Rather, we find dispositive the pertinent exhibits, including the land contract cancellation (which accompanied the appellee's complaint) and the appellants' two cancelled checks, all of which the trial court reviewed and cited.

{¶ 14} Even accepting the trial court's factual finding that Scott and Maguire made their monthly payments under the land contract in arrears, the land contract cancellation extinguished their obligation to make a July 2018 land contract payment for June 2018. The cancellation document terminated the land contract effective June 30, 2018. (Doc. # 1 at "Cancellation of Land Contract.") It also provided: "The parties are released from all further liabilities and obligations under the Land Contract." (*Id.*) In light of this cancellation and release language, the appellants no longer owed a land contract payment for June 2018 even if a payment otherwise would have come due, in arrears, in July 2018. That being so, the July 5, 2018 check Scott produced, which stated "July Rent" in the memo line, was a rent payment for July 2018. Likewise, the August 4, 2018 check from Scott to Emmons was a rent payment for August 2018. Therefore, the record fails to support the trial court's determination that the August 2018 rent remained unpaid or its decision to award S.L.E. Real Estate $1,200 for that month's rent. The first assignment of error is sustained.

{¶ 15} In their second assignment of error, Scott and Maguire contend the trial court erred in finding them liable for damage to wood flooring in the amount of $581.21. As set forth above, the magistrate rejected S.L.E. Real Estate's claim for flooring damages of $3,062.57. The magistrate did find, however, "that Defendants' tenancy caused damage to the wood flooring beyond normal wear-and-tear in the amount of

$581.21." (Doc. # 3 at 2.) The appellants did not object to this aspect of the magistrate's decision, which the trial court adopted.

{¶ 16} Absent an objection to the magistrate's decision, we are limited to plain-error review. *See* Civ.R. 53(D)(3)(b)(iv). Plain error in civil cases is defined as error that "seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 679 N.E.2d 1099 (1997), syllabus. Civil plain error is applied "only in the extremely rare case[.]" *Id.* We see no plain error with regard to the appellants' liability for damage to wood flooring.

{¶ 17} Scott and Maguire argue that Emmons inspected the house prior to signing the land contract release and that he did not notice damage to the wood flooring. They also argue that any damage to the flooring was done prior to the land contract cancellation, which released them from any liability. We note, however, that the appellants resided in the house for a little more than two months after the land contract cancellation. Contrary to the appellants' argument, the magistrate did not find that all floor damage occurred prior to the land contract cancellation. During the bench trial, the magistrate simply questioned counsel on this issue. The magistrate recognized that the release language might excuse Scott and Maguire for damage that occurred prior to the land contract cancellation. It reasoned that their liability then would depend on the condition of the floors when they became month-to-month tenants. (Trial Tr. at 19.) We note that the record also contains photographs of damage to the wood floors in the residence. (*Id.* at Plaintiff's Exh. E.) In light of the appellants' argument that Emmons did not notice any floor damage prior to the land contract release and the fact that photographs depict

damage to the floors, the magistrate reasonably may have concluded that some damage occurred during the appellants' month-to-month tenancy for which they would be liable. At a minimum, the record does not reflect plain error in the magistrate's decision to award S.L.E. Real Estate $581.21 for the damage. The second assignment of error is overruled.

{¶ 18} In their third assignment of error, Scott and Maguire contend the trial court erred in finding them liable for six days of rent for September 2018. Once again, the appellants failed to raise this issue in their objections to the magistrate's decision. Therefore, plain-error review applies.

{¶ 19} The appellants acknowledge that they remained in the residence for an extra six days in September 2018. They argue, however, that Emmons "forgave" their rent obligation for this time. In support, they cite a copy of text messages purportedly between Scott and Emmons. In one message, Emmons claims he is owed $1,200 plus "another 6 days." He then states: "I will forgive that [i.e., the six days] but need the 1200." (Trial Tr. at Plaintiff's Exh. H.)

{¶ 20} In our view, Emmons' offer to "forgive" the extra six days of rent appears to have been in the nature of an offer to compromise. Emmons essentially offered to forgive the extra six days if Scott and Maguire would pay him the $1,200 he demanded. But the appellants did not pay the extra $1,200. Therefore, the condition requiring Emmons to forgive the extra six days of rent did not occur. We note too that under Evid.R. 408 an offer to compromise a claim is not admissible to prove the invalidity of the claim or its amount. For these reasons, we find no plain error in awarding S.L.E. Real Estate $240 as compensation for six days of rent. The third assignment of error is overruled.

{¶ 21} Having sustained the appellants' first assignment of error, we hereby modify

the trial court's judgment in favor of S.L.E. Real Estate and against Scott and Maguire. As set forth above, the correct amount of the judgment awarded by the trial court is $2,021.21. That amount is reduced to $821.21 plus interest and costs. This reduction is made to correct the trial court's erroneous award of $1,200 to S.L.E. Real Estate for allegedly unpaid rent. As so modified, the trial court's judgment is affirmed.

. . . . . . . . . . . . .

FROELICH, J. and TUCKER, J., concur.

Copies sent to:

Adam James Stout
William M. Scott
Cheryl Maguire
Hon. James F. Long